UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
JUICY COUTURE, INC.,                  :

      Plaintiff,                     :

  -against-                              :

BELLA INTERNATIONAL LIMITED, a/k/a    :
BELLA (d/b/a JUICY GIRL and
JUICYLICIOUS), JUICY GIRL, LTD., GOLD :
STABLE INTERNATIONAL LTD.,
GOLDSTABLE INTERNATIONAL              :
CORPORATION, JOHN SUEN, ALISON
LAW, JESSICA CHING PING YANG and      :
JOHN DOES 1-10,

      Defendants.                    :
------------------------------------- X

CASE NO. 1:12-cv-05801-RA-HBP

**AFFIDAVIT IN SUPPORT OF**
**REQUEST FOR ENTRY OF DEFAULT**

STATE OF NEW YORK    )
                     ) ss:
NEW YORK COUNTY      )

      TAMAR Y. DUVDEVANI, being duly sworn, states:

      1.     I am a member of the Bar of this Court and a partner with the law firm DLA Piper LLP (US), and counsel of record for Juicy Couture, Inc. as predecessor in interest to ABG Juicy Couture, LLC ("Juicy"), plaintiff in the above-captioned action, and I am familiar with the facts and circumstances of this action.

      2.     I respectfully submit this Affidavit in support of a request for entry of default by the Clerk of the Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1 and against defendants Bella International, Ltd. a/k/a Bella (d/b/a Juicy Girl and Juicylicious), Juicy Girl, Ltd., Gold Stable International, Ltd., and Goldstable International Corp., John Suen, Alison Law, and Jessica Ching Ping Yang (collectively, "Defendants").

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (civil action arising under any Act of Congress relating to trademarks).

4. Upon information and belief, none of the Defendants are an infant, in the military, or an incompetent person.

5. This action was commenced on July 27, 2012 by filing the summons and complaint. (Dkt. No. 1.) A copy of the summons and complaint was served on Defendants on August 13, 2012 delivering by mail, pursuant to Article 10(a) of the Hague Convention, two copies of the Summons and Complaint; Rule 7.1 Statement, Civil Cover Sheet, and the Individual Rules & Practices in Civil Cases, Ronnie Abrams, United States District Judge. The Affidavit of Service was filed on August 27, 2012. (Dkt. No. 3.)

6. On August 27, 2012, plaintiff moved for a preliminary injunction against Defendants. (Dkt. No. 4.)

7. On October 3, 2012, Defendants answered the complaint, and counterclaimed against plaintiffs (Dkt. No. 22), and filed their opposition to plaintiff's motion for a preliminary injunction. (Dkt. No. 23.)

8. On October 24, 2012, plaintiff answered Defendants' counterclaim (Dkt. No. 27) and filed its reply in further support of motion for a preliminary injunction. (Dkt. No. 25.)

9. On March 12, 2013, the Court granted in part and denied in part plaintiff's motion for a preliminary injunction. (Dkt. No. 39.)

10. On April 2, 2013, the Court entered the preliminary injunction Order against Defendants. (Dkt. No. 56.)

11. On May 6, 2013, Defendants moved to stay this action in light of the pending Hong Kong action between the parties. (Dkt. No. 61.)

12. On January 16, 2014, the Court granted Defendants' motion to stay this action and ordered the parties to submit a joint status update letter regarding the Hong Kong Action in sixty days, if the Hong Kong court had not reached a verdict before then. (Dkt. No. 69.)

13. The parties filed several joint status letters regarding the status of the Hong Kong action, which remained pending, on March 20, April 21, and June 23, 2014 (Dkt. Nos. 72, 74, 76).

14. On June 23, 2014, the Court ordered the parties to submit another status letter on September 26, 2014. Pursuant to the order, if, by that time, no decision had been rendered in the Hong Kong Action, Defendants were to provide in that letter a justification for continuing the stay of this action. (Dkt. No. 77.)

15. On September 18, 2014, Lerner, David, Littenberg, Krumholz & Mentlik, LLP moved to withdraw as counsel for Defendants. (Dkt. No. 83.) This motion generally advised the Court that a decision was rendered in the Hong Kong action.

16. On September 26, 2014, the undersigned filed a joint status letter to the Court attaching the Hong Kong action's decision, and advising the Court that the Hong Kong action's judgment awarded injunctive relief and legal costs to plaintiff. (Dkt. No. 89.) Plaintiff respectfully submitted that the stay of this action should be lifted and that the parties should now be required to meet and confer on scheduling the remainder of the case. (*Id.*)

17. On October 1, 2014, the Court granted Lerner, David, Littenberg, Krumholz & Mentlik, LLP's motion to withdraw as counsel for Defendants. (Dkt. No. 91.) The Court ordered Defendants to obtain new counsel within 30 days or risk default. (*Id.*)

18.     On October 6, 2014, Lerner, David, Littenberg, Krumholz & Mentlik, LLP filed with this Court a letter confirming that Defendants were notified of the contents of the Court's October 1, 2014 Order. (Dkt. No. 93.)

19.     On November 7, 2014 this Court lifted the stay of this action, and ordered Defendants an additional 30 days to obtain new counsel of record, and, further ordered that, at the end of the 30 days, if Defendants do not obtain new counsel or otherwise inform this Court of their intention to proceed with this action, plaintiff may move for default judgment. (Dkt. No. 94.)

20.     Upon information and belief, Defendants have not obtained new counsel of record or otherwise informed this Court of their intention to proceed with this action. Since November 7, 2014, Defendants have made no attempt to contact plaintiff, or its undersigned counsel, regarding its intention to proceed with this action. The docket entries in this action further indicate that Defendants have not obtained new counsel of record or otherwise informed this Court of their intention to proceed with this action.

21.     Because "it is settled law that a corporation cannot generally appear in federal court except through its lawyer," *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000), Defendants cannot, and do not intend to, proceed in this action.

WHEREFORE, Plaintiff Juicy Couture, Inc. as predecessor in interest to ABG Juicy Couture, LLC requests an Entry of Default be issued by the Clerk of the Court against Defendants Bella International, Ltd. a/k/a Bella (d/b/a Juicy Girl and Juicylicious), Juicy Girl, Ltd., Gold Stable International, Ltd., and Goldstable International Corp., John Suen, Alison Law, and Jessica Ching Ping Yang.

Dated: New York, New York.
       March 5, 2015

                                        Tamar Y. Duvdevani

Sworn to before me this
__5__ day of March, 2015

_____
Notary Public

VALERIE M RUPPERT
Notary Public - State of New York
NO. 01RU6207976
Qualified in Queens County
My Commission Expires Jun 22, 2017